**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JESSICA CABALLERO, individually and on behalf of all persons similarly situated, | CIVIL ACTION NO.: |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| HEALTHTECH RESOURCES, INC. | ELECTRONICALLY FILED |
| Defendant. | |

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Plaintiff Jessica Caballero ("Plaintiff" or "Caballero"), through her undersigned counsel, individually and on behalf of all persons similarly situated, files this Class and Collective Action Complaint against Defendant HealthTECH Resources, Inc. ("Defendant" or "HealthTECH"), seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*. ("FLSA"), and Pennsylvania state law. Plaintiff alleges that she and other similarly situated consultants did not receive overtime pay for hours worked in excess of forty (40) in a workweek. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

**JURISDICTION AND VENUE**

1. Jurisdiction over Plaintiff's FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims because those claims derive from a common nucleus of operative facts.

3. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial

part of the events giving rise to Plaintiff's and Class Members' claims occurred within this judicial district.  Plaintiff and other Class Members performed work in this judicial district and were paid pursuant to HealthTECH's unlawful pay policy in this judicial district, and HealthTECH routinely conducts business in this judicial district.

## PARTIES

4.  Plaintiff Jessica Caballero is an individual residing in Kissimmee, Florida.  Plaintiff Caballero worked for Defendant as an IT Consultant providing information technology support to HealthTECH's client, Heritage Valley Health System, in Pennsylvania, between approximately August 20, 2014 and September 21, 2014.  Pursuant to 29 U.S.C. § 216(b), Plaintiff Caballero has consented in writing to being a Plaintiff in this action.  *See* Exhibit A.

5.  Defendant HealthTECH Resources, Inc. ("Defendant" or "HealthTECH") is a corporation providing information technology and educational services for the healthcare industry across the country.  HealthTECH maintains its corporate headquarters in Phoenix, Arizona and is incorporated in Arizona.

6.  HealthTECH employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

7.  HealthTECH's annual gross volume of sales made or business done exceeds $500,000.

## CLASS DEFINITIONS

8.  Plaintiff brings Count I of this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b) as a collective action on behalf of herself and the following opt-in litigants:

All individuals who performed consulting work for HealthTECH Resources, Inc. ("HealthTECH") in the United States between February 20, 2014 and the present (the "FLSA Class").

9. Plaintiff brings Counts II and III of this lawsuit as a class action pursuant to Fed. R. Civ. P. 23, on behalf of herself and the following class:

All individuals who performed consulting work for HealthTECH Resources, Inc. ("HealthTECH") in Pennsylvania between February 20, 2013[*] and the present (the "Pennsylvania Class").

10. The FLSA Class and the Pennsylvania Class are together referred to as the "Classes."

11. Plaintiff reserves the right to redefine the Classes prior to notice or class certification, and thereafter, as necessary.

## FACTS

12. As a leading healthcare information technology firm, HealthTECH provides healthcare systems implementation support services, such as training and information technology support. HealthTECH employs IT Consultants, such as Plaintiff, who perform such information technology support services in the healthcare industry throughout the United States.

13. HealthTECH's financial results are significantly driven by the number of consultants performing information technology support services for HealthTECH's customers and the fees that HealthTECH charges the customers for these services.

14. From approximately August 20, 2014 through September 21, 2014, Plaintiff Caballero was employed as an IT Consultant by HealthTECH, and was assigned to work at Heritage Valley Health System, which is located within this judicial district in Pennsylvania.

---

[*] The statute of limitations on Plaintiff Caballero's unjust enrichment claim is four years. Therefore, employees may be members of the Pennsylvania Class if they were employed on or after February 20, 2013, for at least one of the Claims alleged on behalf of the Pennsylvania Class.

3

15. Plaintiff and Class Members routinely worked in excess of forty (40) hours per workweek, but were not paid overtime compensation as required by the FLSA.

16. For instance, in the weeks of September 1, 2014 and September 8, 2014, Plaintiff Caballero worked in excess of forty (40) hours and was only paid a straight hourly rate.

17. Plaintiff and Class Members often required to work approximately ten (10) hours per day, seven (7) days per week.

18. Although Plaintiff and Class Members frequently were required, permitted or encouraged to work more than forty (40) hours per week, they did not receive one and one-half (1 ½ ) times their regular pay rate for hours worked in excess of forty (40) hours per week, as required by the FLSA and Pennsylvania state law.

19. Instead, Plaintiff and Class Members were paid a straight hourly rate for hours that they worked, regardless of whether they worked more than forty (40) hours in a week.

20. Plaintiff and Class Members were employed as information technology support workers for software applications and programs provided by HealthTECH. Plaintiff and Class Members were not working as computer systems analysts, computer programmers, or software engineers as defined in 29 C.F.R. § 541.400(a).

21. Plaintiff's and Class Members' duties consisted of providing software support to HealthTECH's healthcare clients and aiding healthcare staff with the new software. Plaintiff and Class Members' duties did not include the "application of systems analysis techniques and procedures" pursuant to 29 C.F.R. § 541.400(b)(1). Plaintiff and Class Members did not analyze, consult or determine hardware, software programs or any system functional specifications for HealthTECH's clients. *See id.*

22. Plaintiff and Class Members did not design, develop, document, analyze, create, test or modify a computer system or program as defined in 29 C.F.R. § 541.400(b)(2).

23. While Plaintiff's and Class Members' "work was highly dependent upon, or facilitated by, the use of computers and computer software programs;" they were not "primarily engaged in computer systems analysis and programming." U.S. Dept. of Labor, Wage & Hour Div., Fact Sheet #17E: Exemption for Employees in Computer-Related Occupations under the Fair Labor Standards Act (FLSA). Plaintiff and Class Members provided software support to HealthTECH's clients.

24. Plaintiff and Class Members were paid solely on an hourly basis and were paid only for the time they actually worked.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

25. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Class as defined above.

26. Plaintiff desires to pursue her FLSA claim on behalf of all individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

27. Plaintiff and the FLSA Class members are "similarly situated" as that term is used in 29 U.S.C. § 216(b) because, *inter alia*, all such individuals have been subject to HealthTECH's common business and compensation practices as described herein, and, as a result of such practices, have not been paid the full and legally mandated overtime premium for hours worked over forty (40) during the workweek. Resolution of this action requires inquiry into common facts, including, *inter alia*, HealthTECH's common misclassification, compensation and payroll practices.

28. Specifically, HealthTECH did not compensate Plaintiff and the FLSA Class one-

and-a-half (1 ½) times the regular rate for hours worked over forty (40) in a workweek.

29. The similarly situated employees are known to HealthTECH, are readily identifiable, and can easily be located through HealthTECH's business and human resources records.

30. HealthTECH employs many FLSA Class Members throughout the United States. These similarly situated employees may be readily notified of this action through U.S. mail and/or other means, and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

31. Plaintiff Caballero brings this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and the Pennsylvania Class defined above.

32. The members of the Pennsylvania Class are so numerous that joinder of all members is impracticable. Upon information and belief, there are more than forty (40) members of the Pennsylvania Class.

33. Plaintiff Caballero will fairly and adequately represent and protect the interests of the Pennsylvania Class because there is no conflict between the claims of Plaintiff Caballero and those of the Pennsylvania Class, and Plaintiff Caballero's claims are typical of the claims of the Pennsylvania Class. Plaintiff Caballero's counsel are competent and experienced in litigating class actions and other complex litigation matters, including wage and hour cases like this one.

34. There are questions of law and fact common to the proposed Pennsylvania Class, which predominate over any questions affecting only individual Class members, including, without limitation, whether HealthTECH has violated and continues to violate Pennsylvania law

through its policy or practice of not paying its hourly employees overtime compensation.

35. Plaintiff Caballero's claims are typical of the claims of the Pennsylvania Class members in the following ways, without limitation: (a) Plaintiff Caballero is a member of the Pennsylvania Class; (b) Plaintiff Caballero's claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the Pennsylvania Class; (c) Plaintiff Caballero's claims are based on the same legal and remedial theories as those of the Pennsylvania Class and involve similar factual circumstances; (d) there are no conflicts between the interests of Plaintiff Caballero and the Pennsylvania Class members; and (e) the injuries suffered by Plaintiff Caballero are similar to the injuries suffered by the Pennsylvania Class members.

36. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Pennsylvania Class predominate over any questions affecting only individual Class members.

37. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Pennsylvania Class members are readily identifiable from HealthTECH's own employment records. Prosecution of separate actions by individual members of the Pennsylvania Class would create the risk of inconsistent or varying adjudications with respect to individual Pennsylvania Class members that would establish incompatible standards of conduct for HealthTECH.

38. A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Further, the amounts at stake for many of the Pennsylvania Class members, while substantial, are not great enough to enable them to maintain separate suits against HealthTECH.

39. Without a class action, HealthTECH will retain the benefit of its wrongdoing, which will result in further damages to Plaintiff Caballero and the Pennsylvania Class. Plaintiff Caballero envisions no difficulty in the management of this action as a class action.

### COUNT I
### FLSA – Overtime Wages
### (Brought on behalf of Plaintiff and the FLSA Class)

40. All previous paragraphs are incorporated as though fully set forth herein.

41. The FLSA requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which he is employed. *See* 29 U.S.C. § 207(a)(1).

42. The FLSA defines "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to an employee..." 29 U.S.C. § 203(d).

43. HealthTECH is subject to the wage requirements of the FLSA because HealthTECH is an "employer" under 29 U.S.C. § 203(d).

44. At all relevant times, HealthTECH has been an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

45. During all relevant times, Plaintiff and the FLSA Class members have been covered employees entitled to the above-described FLSA's protections. *See* 29 U.S.C. § 203(e).

46. Plaintiff and the FLSA Class are not exempt from the requirements of the FLSA.

47. Plaintiff and the FLSA Class members are entitled to be paid overtime

compensation for all hours worked over forty (40) in a workweek pursuant to 29 U.S.C. § 207(a)(1).

48. HealthTECH, pursuant to its policies and practices, failed and refused to pay overtime premiums to Plaintiff and the FLSA Class members for all their overtime hours worked by misclassifying Plaintiff and the FLSA Class as exempt employees under the FLSA.

49. HealthTECH knowingly failed to compensate Plaintiff and the FLSA Class members at a rate of one and one-half (1 ½) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1).

50. In violating the FLSA, HealthTECH acted willfully and with reckless disregard of clearly applicable FLSA provisions.

51. In violating FLSA, on information and belief, HealthTECH did not have any good faith basis to rely on any legal opinion or advice to the contrary.

## COUNT II
### Violation of the Pennsylvania Minimum Wage Act
### (Brought on Behalf of Plaintiff and the Pennsylvania Class)

52. All previous paragraphs are incorporated as though fully set forth herein.

53. The Pennsylvania Minimum Wage Act of 1968 ("PMWA") requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which he is employed. *See* 43 P.S. § 333.104(c) and 34 Pa. Code § 231.41.

54. HealthTECH is subject to the overtime requirements of the PMWA because HealthTECH is an employer under 43 P.S. § 333.103(g).

55.     During all relevant times, Plaintiff Caballero and the Pennsylvania Class members were covered employees entitled to the above-described PMWA's protections. *See* 43 P.S. § 333.103(h).

56.     HealthTECH's compensation scheme that is applicable to Plaintiff Caballero and the Pennsylvania Class members failed to comply with either 43 P.S. § 333.104(c) or 34 Pa. Code § 231.41.

57.     HealthTECH knowingly failed to compensate Plaintiff Caballero and the Pennsylvania Class members at a rate of one and one-half (1 ½) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of 43 P.S. § 333.104(c) and 34 Pa. Code § 231.41.

58.     Pursuant 43 P.S. § 333.113, employers, such as HealthTECH, who intentionally fail to pay an employee wages in conformance with the PMWA shall be liable to the employee for the wages or expenses that were intentionally not paid, court costs and attorneys' fees incurred in recovering the unpaid wages.

59.     In violating the PMWA, HealthTECH acted willfully and with reckless disregard of clearly applicable PMWA provisions.

### COUNT III
### Unjust Enrichment
### (Brought on Behalf of Plaintiff and the Pennsylvania Class)

60.     All previous paragraphs are incorporated as though fully set forth herein.

61.     HealthTECH has received and benefited from the uncompensated labors of Plaintiff Caballero and the Pennsylvania Class members, such that to retain said benefit without compensation would be inequitable and rise to the level of unjust enrichment.

62. At all relevant times hereto, HealthTECH devised and implemented a plan to increase its earnings and profits by fostering a scheme of securing work from Plaintiff Caballero and the Pennsylvania Class members without paying overtime compensation for hours worked in excess of 40 a week.

63. Contrary to all good faith and fair dealing, HealthTECH induced Plaintiff Caballero and the Pennsylvania Class members to perform work while failing to pay overtime compensation for hours worked in excess of 40 a week as required by law.

64. By reason of having secured the work and efforts of Plaintiff Caballero and the Pennsylvania Class members without paying overtime compensation as required by law, HealthTECH enjoyed reduced overhead with respect to its labor costs, and therefore realized additional earnings and profits to its own benefit and to the detriment of Plaintiff Caballero and the Pennsylvania Class members. HealthTECH retained and continues to retain such benefits contrary to the fundamental principles of justice, equity, and good conscience.

65. Accordingly, Plaintiff Caballero and the Pennsylvania Class are entitled to judgment in an amount equal to the benefits unjustly retained by HealthTECH.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks the following relief on behalf of themselves and all others similarly situated:

    a. An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

    b. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential members of the FLSA Class;

    c. An order permitting this litigation to proceed as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the Pennsylvania Class;

    d. Back pay damages (including unpaid overtime compensation and unpaid wages)

and prejudgment interest to the fullest extent permitted under the law;

e.  Liquidated damages to the fullest extent permitted under the law;

f.  Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

g.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury for all issues of fact.

Dated:  February 20, 2017            Respectfully submitted,

BERGER & MONTAGUE, P.C.


/s/ Shanon J. Carson
Shanon J. Carson (PA 85957)
Sarah R. Schalman-Bergen (PA 206211)
Eric Lechtzin (PA 62096)
Alexandra K. Piazza (PA 315240)
Camille Fundora (PA 312533)
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA  19103
Telephone:  (215) 875-3000
Facsimile:   (215) 875-4604
scarson@bm.net
sschalman-bergen@bm.net
elechtzin@bm.net
apiazza@bm.net
cfundora@bm.net

Harold Lichten (Mass. BBO # 549689)†
Olena Savytska (Mass. BBO # 693324)‡
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston St., Suite 2000
Boston, MA 02116
Telephone: (617) 994-5800
Facsimile: (617) 994-5801
hlichten@llrlaw.com
osavytska@llrlaw.com

*Attorneys for Plaintiff and the Proposed Classes*

---

† Application for Admission to be Filed
‡ Application for Admission to be Filed

13