Susan Martin (AZ #014226)
Daniel Bonnett (AZ #014127)
Jennifer Kroll (AZ #019859)
MARTIN & BONNETT, P.L.L.C.
4647 N. 32nd Street, Suite 185
Phoenix, Arizona 85018
Telephone: (602) 240-6900
smartin@martinbonnett.com
dbonnett@martinbonnett.com
jkroll@martinbonnett.com

Attorneys for Plaintiff, the Collective and Class

*Additional Counsel on signature page*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JESSICA CABALLERO, on behalf of herself and all others similarly situated, | Case No.: 2:17-CV-02321-SPL |
| Plaintiff, | **PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| vs. | |
| HEALTECHRESOURCES, INC., | |
| Defendant. | |

# **TABLE OF CONTENTS**

I.      INTRODUCTION ...................................................................................................................1

II.     PROCEDURAL AND FACTUAL BACKGROUND ...........................................................2

III.    LEGAL STANDARD............................................................................................................6

IV.     ARGUMENT.........................................................................................................................7

        A.      Plaintiff's FLSA Claims Are Not Barred By The Statute of Limitations....................7

        B.      Plaintiff's FAC Sufficiently Pleads Her FLSA Claim, and HealthTECH's
              Affirmative Defenses Are Not Appropriate For Resolution on a Motion To Dismiss 9

        C.      Plaintiff's Pennsylvania Minimum Wage Act Claim Should Not Be Dismissed
              Because An Employer Cannot Contractually Waive Pennsylvania Wage Laws
              Through A Choice of Law Clause ...............................................................................12

              1.      The Court Must Engage In A Choice of Law Analysis Under Section 187 of
                    the Restatement To Determine Whether HealthTECH's Choice of Law
                    Provision Is Enforceable ................................................................................13

              2.      The Choice of Law Provision Is Unenforceable...........................................13

V.      CONCLUSION....................................................................................................................17

i

## I.    INTRODUCTION

Defendant HealthTECH Resources, Inc.'s ("HealthTECH" or "Defendant") Motion to Dismiss Plaintiff's First Amended Complaint ("Motion" (ECF No. 45)) must be denied outright primarily because it requires detailed factual examination, which is wholly inappropriate at the Rule 12 stage, and its choice of law argument lacks the proper legal analysis required to resolve the issue. Defendant claims that 1) Plaintiff's FLSA claim should be dismissed because it is barred by the statute of limitations; 2) Plaintiff's FLSA claim should be dismissed because HealthTECH properly classified her and other IT Consultants as exempt under the FLSA's Computer Person exemption[1]; and 3) Plaintiff's Pennsylvania state law claims under the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.101, *et seq.* ("PMWA") should be dismissed based on the choice of law provision in her contract, which states that "[t]his offer and the terms of your employment by HealthTECH are governed by Arizona law."

Each of these arguments should be rejected. First, the parties agree that Plaintiff worked for HealthTECH within the three years prior to the filing of her Complaint. The FLSA's statute of limitations is three years if the employer's violation was willful. 29 U.S.C. § 255(a). At this stage, Plaintiff has adequately pleaded her FLSA claim, including willfulness, such that her case should not be dismissed. Moreover, in its Motion, HealthTECH failed to disclose to the Court that, in the Ninth Circuit, willfulness need not be pleaded with specificity with respect the FLSA's statute of limitations. *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 903 (9th Cir. 2013).  Plaintiff's FAC sufficiently states a claim under the FLSA, including pleading allegations of willfulness.

Second, Plaintiff's FAC sufficiently pleads a *prima facie* case of an FLSA violation by alleging that HealthTECH was engaged in commerce, that Plaintiff was an employee, and that she worked more than forty hours per week but was not paid overtime, which is all that

---

[1] HealthTECH presumably does not seek dismissal of Plaintiff's Pennsylvania state law claims on this ground because the PMWA does not contain a Computer Employee exemption similar to the FLSA.

1

is required at this stage. Affirmative defenses, such as exemption defenses, are not considered at the motion to dismiss stage. Moreover, HealthTECH's assertion that the FAC pleads factual allegations that would make Plaintiff exempt is wrong. Although not required at this stage, Plaintiff's FAC specifically provides more than an ample factual basis to demonstrate that her work was non-exempt. Indeed the work that she asserts that she performed (assisting doctors and nurses with learning how to use and make entries into a new computerized record system) does not even come close to triggering the FLSA's Computer Person Exemption, reserved for software engineers and programmers.

Third, HealthTECH should not be permitted to use the choice of law provision it included in its form contract with Plaintiff to circumvent Pennsylvania's wage laws. Pursuant to a choice of law analysis under Section 187 of the Restatement (Second) of Conflict of Law ("Restatement"), Arizona has no substantial relationship with the parties, as the work was performed by Plaintiff and Class Members elsewhere. More importantly, the application of Arizona state law would be contrary to Pennsylvania public policy in ensuring that Pennsylvania workers are compensated properly and receive their statutorily guaranteed overtime compensation.[2] HealthTECH's Motion should be denied.

## II.    PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff filed her original Complaint on February 20, 2017. (ECF No. 1). On April 6, 2017, HealthTECH filed a Motion to Dismiss, or Alternatively Transfer Venue seeking dismissal of the action, or alternatively transfer to the District Court for the District of Arizona. (ECF Nos. 14-15). The parties met and conferred and Plaintiffs stated that they would not oppose HealthTECH's request to transfer the case to Arizona, (based on the forum

---

[2] *See Banks v. Manpowergroup, Inc.*, No. 4:14-cv-02483, 2015 WL 4207236, at *3 (M.D. Pa. Jul. 10, 2015) (concluding that "any choice of law clause intended to contractually waive the protections of [Pennsylvania wage law] is prohibited"); *Tavares v. S-L Distrib. Co.*, No. 1:13-cv-1313, 2014 U.S. Dist. LEXIS 146404, *11-13 (M.D. Pa. Jan. 14, 2014) (invalidating a choice of law clause in a contract based on a choice of law analysis and finding that the state law where the work was performed applied)

selection clause in plaintiff`s agreement) but also intended to file a First Amended Complaint. HealthTECH responded that they preferred to have the motion decided by this District Court. Plaintiffs informed the Court of the parties' positions, and the Court entered an Order for Plaintiffs to file a First Amended Complaint, which was filed on April 27, 2017. (ECF Nos. 19, 22.) On May 11, 2017, HealthTECH filed a renewed Motion to Dismiss, which did not seek transfer to Arizona. (ECF Nos. 26-27).

The parties fully briefed these issues, but based on Plaintiff's non-opposition to transfer, on July 7, 2017, Judge Fischer of the District Court for the Western District of Pennsylvania chose to *sua sponte* transfer this case to the District Court for the District of Arizona without addressing the substantive issues raised in Defendant's Motion to Dismiss. (ECF No. 32.)  The parties met and conferred, and Defendant has now filed a renewed Motion to Dismiss seeking dismissal on the same basis as in its previous Motion to Dismiss.  (ECF No. 45-3.) To date, 10 Opt-In Plaintiffs have filed consent forms to join the case. (ECF Nos. 17, 20, 25, 29.)

The FAC alleges that Plaintiff and similarly situated consultants did not receive overtime pay for hours worked in excess of forty in a workweek, and asserts claims under the FLSA, and the Pennsylvania Minimum Wage Act. The FAC is brought as a collective action under the FLSA and a Rule 23 Class Action with respect to Pennsylvania state law. There is really no dispute that defendant did not pay overtime and that the plaintiffs worked well over 40 hours per week.

The FAC alleges that HealthTECH provides training and support to medical facilities in connection with the implantation of new electronic recordkeeping systems. HealthTECH employs IT "Consultants", such as Plaintiff, who perform such training and support services throughout the United States. FAC ¶ 12. HealthTECH's financial results are significantly driven by the number of consultants performing training and support services for HealthTECH's customers and the fees that HealthTECH charges the customers for these services. *Id.* ¶ 13. From approximately August 20, 2014 through September 21, 2014, Plaintiff Caballero was employed as an IT Consultant by HealthTECH, and was assigned to work at

Heritage Valley Health System, in Pennsylvania *Id.* ¶ 14. Plaintiff and Class Members were paid solely on an hourly basis and were paid only for the time they actually worked. *Id.* ¶ 15.

Plaintiff and Class Members routinely worked in excess of forty (40) hours per workweek, but were not paid overtime compensation as required by the FLSA. *Id.* ¶ 16. For instance, in the weeks of September 1, 2014 and September 8, 2014, Plaintiff Caballero worked in excess of forty (40) hours and was only paid a straight hourly rate. *Id.* ¶ 17. Plaintiff and Class Members often were required to work approximately ten (10) hours per day, seven (7) days per week. *Id.* ¶ 18. Although Plaintiff and Class Members frequently were required, permitted or encouraged to work more than forty (40) hours per week, they did not receive one and one-half (1 ½) times their regular pay rate for hours worked in excess of forty (40) hours per week, as required by the FLSA and Pennsylvania state law. *Id.* ¶ 19. Instead, Plaintiff and Class Members were paid a straight hourly rate for hours that they worked, regardless of whether they worked more than forty (40) hours in a week. Plaintiff and Class Members were not paid on a salary basis. *Id.* ¶ 20.

Plaintiff and Class Members provide support and training to hospital staff in connection with electronic keeping systems. Plaintiff has no specialized training or certification in computer programing, software documentation and analysis, or testing of computer systems or programs. Rather, Plaintiff has a background as a medical assistant. Plaintiff and Class Members were not working as nor were they similarly skilled as computer systems analysts, computer programmers, or software engineers, as defined in 29 C.F.R. § 541.400(a). *Id.* ¶ 21.

Plaintiff's and Class Members' primary duties consisted of training and aiding healthcare staff with using the new recordkeeping software such as Allscripts and Epic. This support is also known as "at the elbow". Plaintiff's and Class Members' primary duties did not include the higher skills of the "application of systems analysis techniques and procedures," pursuant to 29 C.F.R. § 541.400(b)(1). Plaintiff and Class Members did not analyze, consult or determine hardware, software programs or any system functional specifications for HealthTECH's clients. *Id.* ¶ 22. Plaintiff and Class Members did not consult

4

with HealthTech customers to determine or recommend hardware specifications. Plaintiff and Class Members did not design, develop, document, analyze, create, test or modify a computer system or program, as defined in 29 C.F.R. § 541.400(b)(2). *Id.* ¶ 23. While Plaintiff's and Class Members' "work was highly dependent upon, or facilitated by, the use of computers and computer software programs;" they were not "primarily engaged in computer systems analysis and programming." U.S. Dept. of Labor, Wage & Hour Div., Fact Sheet #17E: Exemption for Employees in Computer-Related Occupations under the Fair Labor Standards Act (FLSA). Plaintiff and Class Members provided support and training in using electronic recordkeeping systems to HealthTECH's clients. *Id.* ¶ 24.

HealthTECH and its senior management had no reasonable basis to believe that Plaintiff and the members of the FLSA Class were exempt from the requirements of the FLSA. *Id.* ¶ 25. Rather, HealthTECH either knew or acted with reckless disregard of clearly applicable FLSA provisions in failing to pay overtime to Plaintiff and the FLSA Class. *Id.* Such willfulness is demonstrated by, or may be reasonably inferred from, HealthTECH's actions and/or failures to act, including the following:

    a. At all times relevant hereto, HealthTECH's job offer letters to Plaintiff and similarly situated IT Consultants stated that such IT Consultants were "required to work 7 days per week, 12 hour shifts per day";

    b. At all times relevant hereto, HealthTECH maintained payroll records which reflected the fact that Plaintiff and the FLSA Class did, in fact, regularly work in excess of 40 hours per week, and thus, HealthTECH had actual knowledge that Plaintiff and the FLSA Class worked overtime;

    c. At all times relevant hereto, HealthTECH knew that it did not pay Plaintiff and the FLSA Class one and one-half (1 ½) times their regular pay rate for hours worked in excess of forty (40) hours per week;

    d. As evidenced by its own job offer letters, employment agreements, and training materials for IT Consultants, at all times relevant hereto, HealthTECH was aware of the nature of the work performed by its IT Consultants, and, in particular, that such employees worked exclusively at-the-elbow of healthcare workers employed by HealthTECH's clients, providing basic training and support;

    e. As evidenced by its own job offer letters, employment agreements, and training materials for IT Consultants, HealthTECH knew and understood that it was subject to

the wage requirements of the FLSA as an "employer" under 29 U.S.C. § 203(d).

f. At all times relevant hereto, HealthTECH was aware that its IT Consultants did not engage in: (i) computer systems analysis, computer programming, or software engineering, as defined in 29 C.F.R. § 541.400(a); (ii) the application of systems analysis techniques and procedures, as defined in 29 C.F.R. § 541.400(b)(1); or (iii) the design, development, analysis, creation, testing or modification of a computer system or program, as defined in 29 C.F.R. § 541.400(b)(2);

g. HealthTECH lacked any reasonable or good faith basis to believe that its IT Consultants fell within any exemption from the overtime requirements of the FLSA. Rather, HealthTECH deliberately misclassified its IT Consultants as exempt from the provisions of the FLSA in order to avoid paying them overtime compensation to which they were entitled;

h. At all times relevant hereto, HealthTECH was aware that it would (and, in fact did) benefit financially by failing to pay Plaintiff and the FLSA Class one and one-half (1 ½) times their regular pay rate for hours worked in excess of forty (40) hours per week; and

i. Thus, HealthTECH had (and has) a strong financial motive to violate the requirements of the FLSA by misclassifying its IT Consultants as exempt.

Based upon the foregoing, HealthTECH was cognizant that, or recklessly disregarded whether, its conduct violated the FLSA. *Id.*

In its Motion to Dismiss, HealthTECH submitted an extrinsic document that was not referenced in the FAC, an employment contract between Plaintiff Jessica Caballero and HealthTECH Resources. (ECF No. 27-1). The contract states that "[t]his offer and the terms of your employment by HealthTECH are governed by Arizona law." *Id.* at 4.

## III.    LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley*, 355 U.S. at 47).

Interpreting *Twombly* and *Iqbal*, the Ninth Circuit has discerned "a two-step process"

for "[e]stablishing the plausibility of a complaint's allegations [.]" *Eclectic Props. E., LC v. Marcus & Milllichap Co*., 751 F.3d 990, 995 (9th Cir. 2014). "First, a court should 'identif[y] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.' " *Id.* at 996.. On the other hand, "to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Id.* (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)). At step two, "a court should 'assume the[ ] veracity' of 'well pleaded factual allegations' and 'determine whether they plausibly give rise to an entitlement to relief.' " *Id.* (quoting *Iqbal*, 556 U.S. at 679). "[T]he factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id*. (quoting *Starr*, 652 F.3d at 1216).

## IV.    ARGUMENT

### A.    Plaintiff's FLSA Claims Are Not Barred By The Statute of Limitations

HealthTECH first argues that Plaintiff's FLSA claim should be dismissed as barred by the statute of limitations, notwithstanding the fact that she worked for HealthTECH within the three years prior to filing her original Complaint. Under the FLSA, if an employer's conduct constitutes a "knowing violation" of the statute, the FLSA's standard two-year statute of limitations period may be extended to three years. 29 U.S.C. § 255(a). To fall within the three-year limitations period, the plaintiff must show that "the employer either knew or showed reckless disregard for the matter of whether its conduct violated the statute." *McLaughlin v. Richland Shoe Co*., 486 U.S. 128, 133 (1988); *see also Chao v. A-One Medical Services*, 346 F.3d 908, 918 (9th Cir. 2003).

The Ninth Circuit has held that, under Rule 12(b)(6), untimely claims may be dismissed "only when the running of the statute [of limitations] is apparent on the face of the complaint." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th

7

Cir. 2010). Here, Plaintiff plainly worked within the FLSA's three year statute of limitations. A "complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *U.S. ex rel. Air Control Technologies, Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013) (quoting *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204 (9th Cir. 1995)). In order for the Court to grant HealthTECH the relief requested, it would be required to find that Plaintiff can never demonstrate willfulness as a matter of law, which would be contrary to the Ninth Circuit's holdings.

Moreover, HealthTECH failed to disclose to the Court[3] that the Ninth Circuit has explicitly held that, in the context of an FLSA claim "[a]t the pleading stage, *a plaintiff need not allege willfulness with specificity*." *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 903 (9th Cir. 2013) (emphasis added) (citing Fed. R. Civ. P. 9(b) ("Malice, intent, knowledge and other conditions of a person's mind may be alleged generally," and holding that an allegation that defendant's violations were "deliberate, intentional, and willful" are sufficient to survive a motion to dismiss); *see also Lemley v. Graham County*, No. No. CV-13-01221-TUC-CKJ, 2014 WL 11631714, *5 (D. Ariz. May 16, 2014) (quoting *Rivera* and denying motion to dismiss FLSA claims based on statute of limitations where plaintiff alleged willfulness without specifying any particular manner in which the conduct was willful). The only case cited by HealthTECH that directly deals with the applicable pleading standard for willfulness in an FLSA claim, *Colson v. Avnet, Inc.*, 687 F. Supp. 2d 914 (D. Ariz. Jan. 27, 2010), was decided prior to the Ninth Circuit's *Rivera* case, and therefore is not decided under the proper legal standard.

Here, assuming the veracity of Plaintiff's well-pleaded factual allegations, as the Court must at this stage, it is clear that Plaintiff has alleged sufficient facts to support a claim for willful violation of the FLSA to satisfy the plausibility standard of a motion to dismiss.

---

[3] Defendant cites to the *Rivera* case, *see* Motion at 2, but neglects to discuss its holding, which directly contradicts Defendant's argument regarding willfulness.

Specifically, Plaintiff alleges in her FAC, that HealthTECH knew that Plaintiff and similarly situated IT Consultants were scheduled to and in fact worked more than forty hours per week, and that HealthTECH did not pay overtime at time and a half, despite the fact that it paid hourly and not on a salary basis; that HealthTECH was aware of the nature of the work that was performed and that it was to provide basic training and support to the healthcare industry, and not to engage in activities covered by the FLSA's Computer Person Exemption (which is not available under Pennsylvania state law); that it lacked any reasonable or good faith belief not to pay overtime and deliberately misclassified its IT Consultants as exempt; and that it stood to benefit financially and had a strong financial motivation to not pay its IT Consultants overtime. FAC ¶ 25. These allegations plausibly allege that HealthTECH knew or showed reckless disregard for the FLSA and an indifference to its requirements. *See also Pellegrini v Huyssen, Inc.*, No. 3:17-cv-00135-CAB-(JMA), 2017 WL 2908794, *9 (S.D. Cal. Jul. 7, 2017) (finding that plaintiff sufficiently pleaded willfulness by stating that defendants "knowingly, willfully and intentionally" failed to compensate plaintiff); *Korndobler v. DNC Parks & Resorts at Sequoia*, No. 1:15–cv–00459 LJO SKO, 2015 WL 5435042, *3 (E.D. Cal. Sept. 15, 2015) (denying motion to dismiss where plaintiff pleaded that employer "knew that it was scheduling Plaintiffs under circumstances which it was required to pay on call wages" and "knew—or chose to ignore that it was required to pay 'on-call' wages like other employers and failed to do so and therefore its failure to pay the 'on-call' wages alleged herein was willful or reckless.").

Accordingly, HealthTECH's motion to dismiss Plaintiff's claims that it willfully violated the FLSA should be denied.

**B.    Plaintiff's FAC Sufficiently Pleads Her FLSA Claim, and HealthTECH's Affirmative Defenses Are Not Appropriate For Resolution on a Motion To Dismiss**

HealthTECH also seeks dismissal of Plaintiff's FLSA claim based on assertion of an affirmative defense, the application of the Computer Employee Exemption. Mot. at 7-9. As the Ninth Circuit has held, however, plaintiffs "need not plead on the subject of an anticipated affirmative defense." *Rivera*, 735 F.3d at 902 (9th Cir. 2013). "The requirements

to state a claim under FLSA are quite straightforward." *Villareal v. Caremark, LLC*, No. No. CV-14-00652-PHX-DJH, 2014 WL 12558857, *5 (D. Ariz. Sept. 8, 2014) (citations omitted). To state a FLSA overtime claim, a plaintiff must allege that she: (1) "was employed by defendant during the relevant period;" (2) was a covered employee; and (3) that "the defendant failed to pay [her] ... overtime pay." *Id.* (citation omitted).

Here, Plaintiff alleges that she and the Classes were employed by HealthTECH, were engaged in commerce, were misclassified as exempt, regularly worked in excess of 40 hours per week, and were denied overtime pay as a result of HealthTECH's compensation scheme (FAC ¶¶ 14-20). These are well-pleaded factual allegations which must be assumed to be true for purposes of this motion. The simple question is whether Plaintiff has stated a case under the FLSA, and the answer is yes.

The sole basis for HealthTECH's challenge to Plaintiff's FLSA claim is its incorrect and disputed assertion that Plaintiff is exempt from the overtime provisions of the FLSA under the Computer Employee exemption. (Mot. at 7.) The Ninth Circuit has explicitly held that it is not appropriate to grant a motion to dismiss based on an affirmative defense where the factual predicate of said defense is not apparent from the face of the complaint. *Rivera*, 735 F.3d at 902.[4] *See also Villareal*, 2014 WL 12558857, at *4 (holding that because exemptions are affirmative defenses, it is the employer's burden to plead and prove that defense, not plaintiff's burden).

HealthTECH attempts to circumvent this general rule by claiming that Plaintiff's FAC pleads facts on its face that would qualify her for the Computer Employee Exemption. Under 29 U.S.C. § 213(a)(17), the FLSA exempts from its overtime requirements "any employee who is a computer systems analyst, computer programmer, software engineer, or other similarly skilled worker, whose primary duty" is:

---

[4] "FLSA exemptions are to be narrowly construed against ... employers and are to be withheld except as to persons plainly and unmistakably within their terms and spirit." *Klem v. County of Santa Clara, California*, 208 F.3d 1085, 1089 (9th Cir. 2000) (internal citations omitted). An employer who claims an exemption from the FLSA bears the burden of demonstrating that the exemption applies. *Id.*

> (A)    the application of systems analysis techniques and procedures, including consulting with users, to determine hardware, software, or system functional specifications;
>
> (B) the design, development, documentation, analysis, creation, testing, or modification of computer systems or programs, including prototypes, based on and related to user or system design specifications;
>
> (C) the design, documentation, testing, creation, or modification of computer programs related to machine operating systems; or
>
> (D)    a combination of duties described in subparagraphs (A), (B), and (C) the performance of which requires the same level of skills, and who, in the case of an employee who is compensated on an hourly basis, is compensated at a rate of not less than $27.63 an hour.

29 U.S.C. § 213(a)(17). The term "primary duty" means the employee's "principal, main, major or most important duty." 29 C.F.R. § 541.700 (defining "primary duty" for purposes of executive, administrative, professional, computer and outside sales employee exemptions).

Here, however, Plaintiff's FAC goes above and beyond what is required by specifically pleading facts to demonstrate that Plaintiff was not subject to the FLSA's Computer Employee Exemption. Specifically, the FAC states that Plaintiff and Class Members provide support and training to hospital staff in connection with electronic keeping systems. FAC. ¶ 21. Plaintiff has no specialized training or certification in computer programing, software documentation and analysis, or testing of computer systems or programs. *Id.* Rather, Plaintiff has a background as a medical assistant. *Id.* Plaintiff and Class Members were not working as nor were they similarly skilled as computer systems analysts, computer programmers, or software engineers, as defined in 29 C.F.R. § 541.400(a). *Id.*

The FAC further alleges that Plaintiff's and Class Members' primary duties consisted of training and aiding healthcare staff with using the new recordkeeping software such as Allscripts and Epic. This support is also known as "at the elbow". Plaintiff's and Class Members' primary duties did *not* include the higher skills of the "application of systems analysis techniques and procedures," pursuant to 29 C.F.R. § 541.400(b)(1). *Id.* ¶ 22. Plaintiff and Class Members did *not* analyze, consult or determine hardware, software programs or any system functional specifications for HealthTECH's clients. *Id.* Plaintiff and Class Members did not consult with HealthTech customers to determine or recommend hardware

11

specifications. Plaintiff and Class Members did *not* design, develop, document, analyze, create, test or modify a computer system or program, as defined in 29 C.F.R. § 541.400(b)(2). *Id.* ¶ 23. While Plaintiff's and Class Members' "work was highly dependent upon, or facilitated by, the use of computers and computer software programs;" they were *not* "primarily engaged in computer systems analysis and programming." U.S. Dept. of Labor, Wage & Hour Div., Fact Sheet #17E: Exemption for Employees in Computer-Related Occupations under the Fair Labor Standards Act (FLSA). Plaintiff and Class Members provided support and training in using electronic recordkeeping systems to HealthTECH's clients. *Id.* ¶ 24.

In light of these detailed allegations, there is simply no basis for dismissal of Plaintiff's FLSA claims based on HealthTECH's exemption defense. Similarly, all of the cases cited by HealthTECH in support were decided on a motion for summary judgment, not a motion to dismiss. The cases are also distinguishable on their facts, and contrary to HealthTECH's assertions, the factual allegations in the FAC are not similar to those made in their cited cases. In *Haluska v. Advent Communications, Inc.*, No. 2:13–cv–1104, 2014 WL 5823105, *7 (W.D. Pa. Nov. 10, 2014), the court found that the plaintiff's own testimony showed that he consulted "to discuss and determine hardware specification and system functions as well as programming/modifying the related software." Here, by contrast, Plaintiff has alleged that she and Class members did not consult to determine or recommend hardware specifications. FAC ¶ 23. Similarly, in *Curry v. Matividad Med. Ctr.*, No. 5:11–CV–04662 EJD, 2013 WL 2338110, *5 (N.D. Cal. May 28, 2013), the court held at summary judgment that "Plaintiff's duties include network analysis, testing, configuration, and modification as important parts of Plaintiff's employment roles." *Compare with* FAC ¶¶ 21-24 (Plaintiff did not analyze, test, configure or modify a computer system or program).

HealthTECH's attempt to rely on its affirmative defenses as grounds for dismissing Plaintiff's Complaint should be rejected.

**C.    Plaintiff's Pennsylvania Minimum Wage Act Claim Should Not Be Dismissed Because An Employer Cannot Contractually Waive Pennsylvania Wage Laws Through A Choice of Law Clause**

12

HealthTECH also moves to dismiss Count II of the FAC, which seeks compensation under the PMWA. HealthTECH does not dispute that Plaintiff has pled sufficient facts to state a claim under the PMWA. Instead, HealthTECH argues that an Arizona choice of law provision in the contract with Plaintiff removes any claims from the ambit of the PMWA. This argument should be rejected because enforcing HealthTECH's choice of law provision would contravene Pennsylvania's public policy as expressed through its wage laws. *See Ruiz v. Affinity Logistics Corp.*, 667 F.3d 1318, 1324 (9th Cir. 2012) (applying Section 187 of the Restatement and holding the contractual choice of Georgia law was unenforceable and that California law applied to the wage and hour case).

### 1. The Court Must Engage In A Choice of Law Analysis Under Section 187 of the Restatement To Determine Whether HealthTECH's Choice of Law Provision Is Enforceable

"When selecting the correct choice-of-law rule, '[a] federal district court must apply the state law that would be applied by the state court of the state in which it sits. This is true whether the basis for subject matter jurisdiction is diversity of citizenship under 28 U.S.C. § 1332 or federal question under 28 U.S.C. § 1331.'" *In re TFT-LCD (Flat Panel) Antitrust Litigation*, 781 F. Supp. 2d 955, 964 (N.D. Cal. 2011). As HealthTECH notes, Arizona has adopted § 187 of the Restatement (Second) of Conflict of Law ("Restatement"), which provides that a Choice of Law provision in a contract will be given effect unless (1) the state whose law is specified in the contract has no substantial relationship with the parties; or (2) the application of the state law chosen by the parties would be contrary to the public policy of the state having a materially greater interest. *Cardon v. Cotton Lane Holdings, Inc.*, 173 Ariz. 203, 207, 841 P .2d 198, 202 (1992); *see also Tavares*, 2014 U.S. Dist. LEXIS 146404, *11-13 (applying Section 187 to choice of law analysis and granting summary judgment to plaintiffs in finding that Massachusetts law applied to plaintiffs' wage claims where the work was performed in Massachusetts, notwithstanding that the parties signed a contract with a Pennsylvania choice of law provision). As stated below, consideration of either of these requirements necessitates the application of Pennsylvania law to Plaintiff's claims.

### 2. The Choice of Law Provision Is Unenforceable

13

The Ninth Circuit has already held that, in a wage and hour case, a district court erred in finding that a choice of law provision in an employment contract can override the protections guaranteed by a state through state statutory wage and hour laws. *See Ruiz*, 667 at 1323. HealthTECH failed to identify the *Ruiz* case in seeking the same relief in its Motion.

Although "courts do not lightly override private contractual undertakings [,]" the Supreme Court of Pennsylvania has repeatedly declared that choice of law "agreements may be avoided where ... their terms offend public policy as reflected, inter alia, in express legislative provisions[.]" *McIlvaine Trucking, Inc. v. Worker's Compensation Appeal Board*, 570 Pa. 662, 672 (2002) (citations omitted). *See also Warner Co. v. Unemployment Comp. Bd. of Review*, 396 Pa. 545, 554, 153 A.2d 906 (1959) ("Where a statute of the Commonwealth expresses a public policy designed to alleviate a condition of possible distress among the public or a segment thereof and explicitly proscribes waiver of the benefits of the act, no private agreement, however valid between the parties, can operate as such a waiver").

Here, Plaintiff asserts that both of Restatement § 187's exceptions apply. First, the only relationship that Arizona has to this dispute is the fact that Defendant has a corporate headquarters there. Otherwise, the pertinent contract relates to work performed in Pennsylvania, and all of the work performed for which compensation is sought based on this Pennsylvania assignment occurred in Pennsylvania. These facts, standing alone, mandate the application of Pennsylvania law because Arizona "has no substantial relationship with the parties." Restatement § 187(1). *See Sanchez v. Lasership, Inc.*, 2012 WL 37303636, *7 (E.D. Va. Aug. 27, 2012) (holding that Massachusetts had more significant ties to the subject matter of the litigation, where the workers all worked in Massachusetts, never performed any of their work in Virginia, and had no work-related contact with Virginia).

But even if that were not the case, under the second exception, application of Arizona law "would be contrary to the public policy of [Pennsylvania]." Restatement § 187(2). Under this exception, an agreement will not be enforced where to do so would contravene a "fundamental policy" of the state having the most significant contacts with the dispute. *See Cottman Transmission Systems v. Kershner,* 492 F. Supp. 2d 461, 467 (E.D. Pa. 2007). Counts

14

considering this issue routinely find that a choice of law provision in a contract does not preclude a worker from bringing employment or wage claims in the state where he or she performed the work.[5]

A choice of law provision (like the provision at issue here) that seeks to impose one state's worker protection laws on workers who work exclusively in another state, thereby providing significantly lesser protection to workers of that state, "offends the public policy" of the state where the work occurred.[6] In this case, two principles are beyond doubt. First, Pennsylvania courts, and its legislature, have declared the wage statues of Pennsylvania to be a fundamental public policy of the state of Pennsylvania that must be protected; and second, a comparison of the Pennsylvania Minimum Wage Act and the Arizona state law demonstrates different statutory and remedial protections, with Arizona providing far less protection than Pennsylvania, especially as it applies to this case.

In applying the provisions of the PMWA, it should be borne in mind that the PMWA is remedial legislation which should be interpreted liberally to achieve its remedial purpose. *See* 1 Pa.C.S. § 1928(c) ("All other provisions of a statute shall be liberally construed to effect

---

[5] *See, e.g., Banks*, 2015 WL 4207236 (concluding that "any choice of law clause intended to contractually waive the protections of [Pennsylvania wage law] is prohibited"); *Campanini v. Studsvik, Inc.*, No. 08–5910, 2009 WL 926975, at *5 (E.D. Pa. Apr. 6, 2009) (concluding that a Tennessee choice-of-law provision did not foreclose the plaintiff from pursuing a claim under Pennsylvania wage law); *Healthcare Mgmt. & Inv. Holdings, LLC v. Feldman*, No. 03–323, 2006 WL 2660628, at *6–7 (N.D. Ohio Sept.15, 2006) (holding that Pennsylvania wage law applied to an employment agreement notwithstanding the agreement's Delaware choice of law provision); *see also Tavares*, 2014 U.S. Dist. LEXIS 146404, *11-13.

[6] *See McIlvaine Trucking, Inc.*, 570 Pa. at 672 (concluding that a choice of law provision in the contract was unenforceable because it violated public policy by interfering with the goals of the Pennsylvania Workers Compensation Act and holding that an employee injured in Pennsylvania is entitled to compensation under the Pennsylvania regime pursuant to the Pennsylvania statutes); *Cottman Transmission Systems v. Kershner*, 492 F. Supp. 2d 461 (E.D. Pa. 2007) (applying the same reasoning to a franchise arrangement and the protections afforded to the purchaser of the franchise); *see also Healthcare Mgmt. & Inv. Holdings, LLC*, 2006 WL 2660628, at *6 (holding that the general policy of enforcing choice of law provisions in contracts is "not the case in the employment context when statutes are specifically designed to protect Pennsylvania employees.").

15

their objects and to promote justice."). The PMWA's Declaration of Policy lays out the underlying purpose of the PMWA and its importance to Pennsylvania workers and the Commonwealth as a whole, providing in relevant part:

> In the absence of effective minimum fair wage rates for employe[e]s, the depression of wages by some employers constitutes a serious form of unfair competition against other employers, reduces the purchasing power of the workers and threatens the stability of the economy. The evils of unreasonable and unfair wages as they affect some employe[e]s employed in the Commonwealth of Pennsylvania are such as to render imperative the exercise of the police power of the Commonwealth for the protection of industry and of the employe[e]s employed therein and of the public interest of the community at large. 43 P.S. § 333.101.

Here, as with the Pennsylvania Wage Payment Collection Law, the legislature plainly evidenced a prohibition on individuals or entities contracting around the PMWA. *See Banks*, 2015 WL 4207236, *3. The PMWA does not require a contract, and in fact the existence of a contract that fails to conform to the PMWA, such as one containing an agreement to a wage below the applicable minimum wage or not to pay overtime compensation lawfully due, does not excuse noncompliance. 43 P.S. § 333.113. Whether a worker is subject to the protections of the PMWA is a fact-based inquiry regardless of what a contract says and even whether a contract exists at all.[7] The legislature understood that, absent such a statute, employers would use their position of economic superiority to coerce employees into waiving their rights to receive the benefit of protections provided under Pennsylvania law, which is exactly what HealthTECH attempts to do here. *See Banks*, 2015 WL 4207236, *3.

In addition, Pennsylvania's fundamental public policies related to employees' rights conflict with those of Arizona. If the Court applied Arizona substantive law to this case rather than Pennsylvania state law, Plaintiff would not be able to recover for her unpaid overtime under state law or on behalf of the class alleged. As HealthTECH affirmatively notes, "there

---

[7] *Soles v. Zartman Const. Inc.*, No. 4:13-cv-29, 2014 WL 3557197, *2 (M.D. Pa. Jul. 18, 2014); *see also* 43 P.S. § 333.101 ("Employe[e]s employed in such occupations are not as a class on a level of equality in bargaining with their employers in regard to minimum fair wage standards, and 'freedom of contract' as applied to their relations with their employers is illusory.").

is no corresponding provision under Arizona law requiring or regarding overtime provisions for a private employee that could be interpreted to apply in substitution for the allegations in Count II." MTD at 11. By contrast, the PMWA provides for a private right of action for unpaid overtime compensation, has a three-year limitations period, and important to this case, does not contain the FLSA's computer employee exemption. *See Harris v. Mercy Health Corp.*, No. Civ.A.97–7802, 2000 WL 1130098 *5 (E.D. Pa. Aug.9, 2000) (three year limitations period); 43 P.S. § 333.105 (PMWA does not include a computer employee exemption).

Finally, Pennsylvania has a materially greater interest than Arizona in resolution of these claims. Here, Plaintiff performed her work in Pennsylvania. The subject matter of the employment agreement concerns an assignment in Pennsylvania. The wages paid in Pennsylvania were subject to Pennsylvania state taxes and withholdings. The Court's reasoning in *Tavares* demonstrates why enforcing such a choice of law provision would contradict the fundamental public policy of a state (though in *Tavares* the Court declined to enforce a Pennsylvania choice of law where Massachusetts law provided greater protection):

> The practical effect of choosing Pennsylvania law over Massachusetts law would be to substantially disadvantage any party seeking to establish the existence of an employee/employer relationship. Accordingly, we find that the application of Pennsylvania law to Plaintiffs' statutory claims would be contrary to a fundamental policy of Massachusetts. To hold otherwise would allow employers to easily circumvent fundamental Wage Act protections.

2014 U.S. Dist. LEXIS 146404, *20. So too here. If an employer could simply insert a choice of law clause in an employment agreement where the state law provided materially weaker protections (or none at all) than Pennsylvania, it would greatly undermine the legislative purpose of Pennsylvania's wage protections, and detrimentally impact workers performing work in Pennsylvania. This Court should follow the numerous decisions that have declined to enforce a choice of law provision where the practical impact would provide less protection to those workers.

**V.**   CONCLUSION

Based upon the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss in its entirety.

17

Dated: August 9, 2017                     Respectfully submitted,


                                          /s Daniel Bonnett_____
                                          Susan Martin (AZ #014226)
                                          Daniel Bonnett (AZ #014127)
                                          Jennifer Kroll (AZ #019859)
                                          MARTIN & BONNETT, P.L.L.C.
                                          4647 N. 32nd Street, Suite 185
                                          Phoenix, Arizona 85018
                                          Telephone: (602) 240-6900
                                          smartin@martinbonnett.com
                                          dbonnett@martinbonnett.com
                                          jkroll@martinbonnett.com

                                          Shanon J. Carson (*pro hac vice*)
                                          Sarah R. Schalman-Bergen  (pro *hac vice*)

                                          Eric Lechtzin *(to be admitted pro hac vice)*
                                          Alexandra K. Piazza  (*to be admitted pro hac vice*)
                                          BERGER & MONTAGUE, P.C.
                                          1622 Locust Street
                                          Philadelphia, PA 19103
                                          Telephone: (215) 875-3000
                                          Facsimile: (215) 875-4604
                                          scarson@bm.net
                                          sschalman-bergen@bm.net
                                          elechtzin@bm.net
                                          apiazza@bm.net


                                          Harold Lichten (*pro hac vice)*
                                          Olena Savytska (*pro hac vice*)
                                          LICHTEN & LISS-RIORDAN, P.C.
                                          729 Boylston St., Suite 2000
                                          Boston, MA 02116
                                          Telephone: (617) 994-5800
                                          Facsimile: (617) 994-5801
                                          hlichten@llrlaw.com
                                          osavytska@llrlaw.com

                                          *Attorneys for Plaintiff*

18

## CERTIFICATE OF SERVICE

I hereby certify that on August 9, 2017, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the District of Arizona by using the CM/ECF System for filing. I certify that service will be accomplished by first class mail on the following counsel for Defendants:

> James Oliver Bell
> Yvonne R. Love
> SPIESS & BELL PC
> 4500 N. 32nd Street, Suite 201B
> Phoenix, AZ  85018
>
> Kimberly J. Kisner  (*pro hac vice*)
> Leah K. Sell  (*pro hac vice*)
> KISNER LAW FIRM LLC
> Gulf Tower
> 707 Grant Street, Suite 2646
> Pittsburgh, PA  15219

s/Kathy Pasley

19