James O. Bell (023584)
Yvonne R. Love (033826)
SPIESS & BELL, PC
4500 N. 32nd Street, Suite 201B
Phoenix, AZ 85018
(602) 254-8100
jim@spiessbell.com

*Attorneys for Defendant*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| JESSICA CABALLERO,<br><br>Plaintiff,<br><br>v.<br><br>HEALTHTECH RESOURCES, INC.,<br><br>Defendant. | NO.: 2:17-cv-02321-SPL<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR CONDITIONAL COLLECTIVE CERTIFICATION AND COURT SUPERVISED NOTICE PURSUANT TO 29 U.S.C. § 261(B)** |

Defendant HealthTech Resources, Inc. (HeatlhTech) hereby responds in opposition to Plaintiff's Motion for Conditional Collective Action Certification and Court Supervised Notice Pursuant to 29 U.S.C. § 216(b) (Motion) and proposed Order granting that Motion and Court-Authorized Notice submitted by Plaintiff as follows:

1. In her Motion, Plaintiff seeks in part an order requiring (a) HeatlhTech to produce the name, last known address, all known e-mail

addresses, all known telephone number(s), dates worked, date of birth, and last four digits of their Social Security Number for each potential collective member within five business days and (b) authorizing Plaintiff to send the proposed Notice attached as Exhibit A to her Motion to all such individuals by mail, email, and text message.  Plaintiff's Motion (Doc. 55, pp. 13-15).

While it is agreeable to providing the names, last known addresses and dates worked of the collective members, it opposes providing the remaining, private information sought by Plaintiff.  Specifically, HealthTech opposes providing email addresses, telephone numbers, dates of birth and Social Security digits of its employees, as that information could be used to invade the privacy of such persons.  For the same reason HealthTech objects to allowing Plaintiff, her counsel or any Notice Administrator to contact its employees via email and text messages.[1]

2.    Although Plaintiff has not requested such relief in her Motion, the proposed Order she has submitted provides that collective members "shall be provided with ninety (90) days from the date of receipt of the

---

[1] Although Plaintiff's Motion does not seek approval to utilize a Notice Administrator, her proposed Order includes a provision that she may utilize a Notice Administrator to locate and provide notice to potential collective group members.

- 2 –

Notice to 'opt-in' to this lawsuit." Proposed Order (Doc. 55-6) ¶ 6. HealthTech opposes approval of this provision as it will open the door to issues of when collective members "received" their Notices. Requiring collective members to file their Opt-In Consents within ninety days of entry of the Court's Order certifying the collective action will eliminate any such disputes.

3. Although Plaintiff has not requested such relief in her Motion, the proposed Order she has submitted provides that collective members "may execute and submit their [Opt-In] Consent Forms online through an electronic signature service that will be established by Plaintiff's counsel or the Notice Administrator." *Id*. HealthTech opposes approval of such a procedure in order to assure, to the greatest extent possible, that all Consent Forms are in fact executed knowingly by the proper persons.

4. Although Plaintiff has not requested such relief in her Motion, the proposed Order she has submitted provides that "All Opt-In Consent Forms will be deemed to have been filed with the Court the date that they are stamped as received by Plaintiff's counsel or the Notice Administrator, and Plaintiff's counsel will file them electronically on the docket on a weekly basis." *Id*. at ¶7. HealthTech opposes approval of such a procedure in order to avoid any question as to whether the

- 3 –

Consent Forms filed herein are timely.   Requiring, as HealthTech has requested above, collective members to file their Opt-In Consents within ninety days of entry of the Court's Order certifying the collective action will eliminate any such disputes.

5.   HealthTech opposes the Court Authorized Notice proposed by Plaintiff as Exhibit A to her Motion as follows:

a.   Plainiff is seeking certification of a collective action on behalf of those persons who worked for HealthTech "providing support and training to HealthTech's clients in connection with the implementation of new electronic recordkeeping systems in Pennsylvania between February 20, 2014 and the present." Plaintiff's Motion (Doc. 55) p. 2.  Despite, however, the requested limitation of collective members to those persons providing support and training in regard to the implementation of systems in Pennsylvania, the proposed Notice contains no such geographical limitation.   Rather it provides that this case has been brought on behalf of persons who worked for HealthTech "providing training and support to HealthTECH's clients in using electronic recordkeeping systems **in the United States** . . . " Plaintiff's proposed Notice (Doc. 55-1) ¶ 1 (emphasis added).

b. The proposed Notice does not contain language informing potential collective members that attorneys for Plaintiffs may be entitled to receive the payment of attorneys' fees and costs in if there is a recovery or judgment in Plaintiffs' favor.

c. The proposed Notice does not contain language informing potential collective members that they may be held responsible for HealthTech's costs if it prevails.

WHEREFORE, HealthTech respectfully requests that the proposed Order and Notice submitted by Plaintiff be modified in accord with the foregoing.

DATED this 22nd day of September, 2017.

SPIESS & BELL PC

/s/ Yvonne R. Love
Yvonne R. Love
SPIESS & BELL, PC
4500 N. 32nd St., Suite 201B
Phoenix, AZ 85018
jim@spiessbell.com

Kimberly J. Kisner
Leah K. Sell
Kisner Law Firm LLC
Gulf Tower
707 Grant St., Ste. 2646
Pittsburgh, PA 15219

*Attorneys for Defendant*

- 5 –

**CERTIFICATE OF SERVICE**

I hereby certify that on September 22, 2017 I electronically transmitted the attached documents to the Clerk's Office using the EM/ECF System for filing and transmittal of a Notice of Electric Filing to the following CM/ECF registrants:

Susan Martin (AZ #014226)
Daniel Bonnett (AZ #014127)
Jennifer Kroll (AZ #019859)
MARTIN & BONNETT, P.L.L.C.
4647 N. 32nd Street, Suite 185
Phoenix, Arizona 85018
Telephone: (602) 240-6900
smartin@martinbonnett.com
dbonnett@martinbonnett.com
jkroll@martinbonnett.com
*Attorneys for Plaintiff*

Shanon Jude Carden (to be admitted pro hac vice)
Alexandra K. Piazza (to be admitted pro hac vice)
Sarah R. Schalman-Bergen (to be admitted pro hac vice)
BERGER & MONTAGUE PC
1622 Locust Street
Philadelphia, PA 19103
scarson@bm.net
apiazza@bm.net
sschalman-bergen@bm.net
*Attorneys for Plaintiff*

Harold Licten (pro hac vice)
Olena Savytske (pro hac vice)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone: (617) 994-5800
hlichten@llrlaw.com
osvytske@llrlaw.com
*Attorneys for Plaintiff*

Kimberly J. Kisner
Leah K. Sell
Kisner Law Firm LLC
Gulf Tower
707 Grant St., Ste. 2646
Pittsburgh, PA 15219
*Attorneys for Defendant*


By: /s/ Gabriel Gambee