Susan Martin (AZ #014226)
Daniel Bonnett (AZ #014127)
Jennifer Kroll (AZ #019859)
MARTIN & BONNETT, P.L.L.C.
4647 N. 32nd Street, Suite 185
Phoenix, Arizona 85018
Telephone: (602) 240-6900
smartin@martinbonnett.com
dbonnett@martinbonnett.com
jkroll@martinbonnett.com

*Additional counsel listed on signature page*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| JESSICA CABALLERO, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>HEALTHTECH RESOURCES, INC.,<br><br>Defendant. | Case No.: 2:17-CV-02321-SPL<br><br>**REPLY IN SUPPORT OF MOTION FOR CONDITIONAL COLLECTIVE ACTION CERTIFICATION AND COURT-SUPERVISED NOTICE PURSUANT TO 29 U. S. C. § 216(b)** |

Plaintiff Jessica Caballero ("Plaintiff") respectfully submits this Reply brief in support of her Motion for Conditional Collective Action Certification and Court-Supervised Notice Pursuant to 29 U. S. C. § 216(b) ("Notice Motion") (ECF No. 55). In support of this Reply, Plaintiff states as follows:

1.  On September 8, 2017, Plaintiff filed her Notice Motion.

2.  On September 22, 2017, Defendant filed an Opposition to Plaintiff's Notice Motion (ECF No. 56).

3.  In its Opposition, Defendant did not oppose Plaintiff's request for conditional certification generally, but only opposed some of the provisions of the proposed notice program.

1

4. The parties met and conferred on a proposed Stipulation Regarding Notice. The parties were unable to reach a complete agreement on the inclusion of language related to the potential for Defendant's costs to be assessed against Plaintiff and members of the Collective in the event that Defendant prevailed in the case.

5. Plaintiff asserts that that the inclusion of language related to Defendant's costs is unnecessary, potentially confusing, and contrary to the goals of the FLSA. *See, e.g.*, *Coyle v. Flowers Foods Inc.*, No. CV-15-01372-PHX-DLR, 2016 WL 4529872, at *7 (D. Ariz. Aug. 30, 2016) ("[A]ny reference to potential liability for Defendants' costs could serve only to "discourage participation in the lawsuit.") (citing *Green v. Exec. Coach & Carriage*, 895 F. Supp. 2d 1026, 1030 (D. Nev. 2012)); *Abdul-Rasheed v. KableLink Commc'ns, LLC*, No. 13-879, 2013 WL 6182321, at *6 (M.D. Fla. Nov. 25, 2013) ("With respect to … potential liability for costs, the Court concludes that a warning would undermine the FLSA's goal of encouraging full enforcement of statutory rights because the warning might dissuade people from joining the lawsuit.") (citing cases); *Carrillo v. Schneider Logistics, Inc.*, No. 11-8557, 2012 WL 556309, at *14 (C.D. Cal. Jan. 31, 2012), *aff'd*, 501 F. App'x 713 (9th Cir. 2012) (declining to include warnings about court costs in the notice because "the potential chilling effect of defendants' proposed warning outweighs the realistic likelihood that any future opt-ins would be required to pay a portion of defendants' litigation costs"); *Sexton v. Franklin First Fin., Ltd.,* 2009 WL 1706535, at *12 (E.D.N.Y. June 16, 2009) (rejecting costs language as "unnecessary and potentially confusing"); *Austin v. CUNA Mut. Ins. Soc*., 232 F.R.D. 601, 608 (W.D. Wis. 2006) (concurring with other courts that declined to require the inclusion of court costs language "because the statute is silent with respect to fee shifting for prevailing defendants and because the warning would chill participation in collective actions").[1]

---

[1] While meeting and conferring on a potential notice program, in an effort to reach a compromise on the remaining issue related to Defendant's potential costs, Plaintiff proposed compromise language, which is similar to language that has recently been approved by several federal courts. On October 9, 2017, Defendant indicated that it would not agree to

6.    Additionally, with respect to the Notice, Plaintiff requests leave to amend the Notice to correct the typographical error regarding the scope of the proposed Collective (*i.e.*, limited to individuals who worked in Pennsylvania), and to insert the following language: "The attorneys for the Plaintiff are being paid on a contingency fee basis, which means that if there is no recovery, there will be no attorneys' fees. You are not under any obligation to pay any attorneys' fees. If there is a recovery, Plaintiff's attorneys may receive a part of any settlement obtained or money judgment entered in favor of all members of the Collective, subject to the Court's approval."

7.    Finally, for the reasons discussed in Plaintiff's Notice Motion, Plaintiff respectfully requests that the Court enter an order approving the following plan for Notice:

a.    Within five (5) business days of entry of the Court's order approving Notice, Defendant will provide Plaintiff's counsel with a list of the names, dates of employment and last known telephone numbers, addresses and e-mail addresses of members of the FLSA Collective. This information must be provided to Plaintiff's counsel in usable electronic form, if available.

b.    Within fourteen (14) calendar days from the receipt of the information from Defendant ("Notice Date"), Plaintiff shall cause the Notice and Opt-In Consent Form to be sent via regular mail (with an enclosed self-addressed stamped return envelope) and email to all FLSA Collective Members who performed work during the relevant time period who have not already filed Opt-In Consent Forms on the docket. Plaintiff's counsel may also use a third-party administrator for this task.

Plaintiff's compromise proposal. For the reasons previously discussed, Plaintiff maintains that it is proper and supported by case law to exclude all language related to Defendant's potential costs. However, if the Court requires reference to costs, Plaintiff respectfully requests that the Court approve the following language: "If judgment is reached in favor of HealthTech, the Court may tax certain statutory costs against the unsuccessful workers, but the attorneys who are representing the workers in this case have agreed to pay such costs if they are ever assessed."

c.  In the event Notice is returned as undeliverable, within two (2) business days of notification by Plaintiff's counsel, Defendant will provide to Plaintiff's counsel the Social Security Number of the FLSA Collective Member so reasonable address update searches may be conducted. This information may be produced pursuant to a limited confidentiality order.

d.  Opt-In Consent Forms will be deemed to be filed on the day they are stamped as received by either Plaintiff's counsel or the third-party administrator.  All Opt-In Consent Forms that are received by mail must be postmarked, emailed, or otherwise submitted via an electronic signature service within 90 days from the Notice Date. If Plaintiff's counsel elects to use a third-party administrator, the third party administrator will send ".pdf" copies of all returned Opt-In Consent Forms to Plaintiff's counsel, who will file them electronically on the docket on a weekly basis.

Dated:  October 9, 2017                    Respectfully submitted,

_/s/ Daniel L.  Bonnett_

Susan Martin (AZ #014226)
Daniel Bonnett (AZ #014127)
Jennifer Kroll (AZ #019859)
MARTIN & BONNETT, P. L. L. C.
4647 N.  32nd Street, Suite 185
Phoenix, Arizona 85018
Telephone: (602) 240-6900
smartin@martinbonnett.com
dbonnett@martinbonnett.com
jkroll@martinbonnett.com

Harold Lichten (*pro hac vice*)
Olena Savytska (pro hac vice)
LICHTEN & LISS-RIORDAN, P. C.
729 Boylston St., Suite 2000
Boston, MA 02116
Telephone: (617) 994-5800
Facsimile: (617) 994-5801
hlichten@llrlaw.com
osavytska@llrlaw.com

4

Shanon J.  Carson  (*pro hac vice*)
Sarah R.  Schalman-Bergen  (*pro hac vice*)
Alexandra K.  Piazza (*pro hac vice*)
BERGER & MONTAGUE, P. C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
scarson@bm.net
sschalman-bergen@bm.net
apiazza@bm.net

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY THAT ON October 9, 2017, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the District of Arizona by using the CM/ECF System for filing.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the court CM/ECF system.

> James Oliver Bell
> Yvonne R. Love
> SPIESS & BELL PC
> 4500 N. 32nd Street, Suite 201B
> Phoenix, AZ  85018
>
> Kimberly J. Kisner (*pro hac vice*)
> Leah K. Sell (*pro hac vice*)
> KISNER LAW FIRM LLC
> Gulf Tower
> 707 Grant Street, Suite 2646
> Pittsburgh, PA  15219

s/Kathy Pasley