WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jessica Caballero,<br><br>               Plaintiff,<br>vs.<br><br>Healthtech Resources, Inc.,<br><br>               Defendant. | No. CV-17-02321-PHX-SPL<br><br>**ORDER** |

Before the Court is Defendant's Motion to Dismiss (Doc. 45). For the reasons set forth below, the motion is granted in part and denied in part.

**I.    Background**

Plaintiff Jessica Caballero worked for Defendant Healthtech Resources, Inc. ("Healthtech") as an Information Technology ("IT") Consultant. (Doc. 22 at 2.) Defendant Healthtech—an Arizona corporation with headquarters in Phoenix— "provid[es] information technology educational services for the healthcare industry." (Doc. 22 at 2.) Plaintiff, who lives in Florida, was hired by Defendant to work as an IT Consultant at Heritage Valley Health System in Pennsylvania between August 20, 2014 and September 21, 2014. (Doc. 22 at 2.) During her employment with Defendant, Plaintiff was paid a straight hourly rate. (Doc. 22 at 4.) Plaintiff alleges IT Consultants were regularly required to work seven days per week for approximately ten to twelve hours a day without overtime compensation. (Doc. 22 at 4, 6.)

On February 20, 2017, Plaintiff filed suit against Defendant for alleged violations of the Fair Labor Standards Act ("FLSA") and the Pennsylvania Minimum Wage Act ("PMWA") in the United States District Court for the Western District of Pennsylvania. (Doc. 1.) Defendant subsequently moved to dismiss the case or, in the alternative, to transfer venue to the United States District Court for the District of Arizona. (Doc. 14.) Plaintiff filed her First Amended Complaint on April 27, 2017 (doc. 22), which Judge Nora Barry Fischer determined mooted Defendant's motion. (Doc. 23.) Defendant subsequently filed its Second Motion to Dismiss. (Doc. 26.) While Defendant's motion was pending, Judge Fischer ordered the case to be transferred to the District of Arizona because of the presence of a forum selection clause in the parties' contract stating that any disputes be resolved in "a court of competent jurisdiction in Maricopa County, Arizona." (Doc. 32 at 5.) After the case was received by this Court on July 14, 2017 (docs. 33, 34), Defendant filed a Motion to Dismiss on August 7, 2017. (Doc. 45.) On September 8, 2017, Plaintiff filed a Motion for Conditional Collective Action Certification and Court-Supervised Notice. (Doc. 55.)

**II.     Standard of Review**

To survive a motion to dismiss, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The Court may dismiss a complaint for failure to state a claim under Federal Rule 12(b)(6) for two reasons: (1) lack of a cognizable legal theory, and (2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

A complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted). Facial plausibility requires the plaintiff to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Where a complaint pleads

facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Although a complaint "does not need detailed factual allegations," a plaintiff must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. This requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.*

In deciding a motion to dismiss, the Court must "accept as true all well-pleaded allegations of material fact, and construe them in the light most favorable to the non-moving party." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). In comparison, "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences" are not entitled to the assumption of truth, *id.*, and "are insufficient to defeat a motion to dismiss for failure to state a claim." *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010) (internal citation omitted). A plaintiff need not prove the case on the pleadings to survive a motion to dismiss. *OSU Student All. v. Ray*, 699 F.3d 1053, 1078 (9th Cir. 2012).

### III. Discussion

In her First Amended Complaint, Plaintiff alleges that Defendant violated Section 207(a) of the FLSA (Count I) and Section 333.104(c) of the Pennsylvania Minimum Wage Act of 1968 (Count II). The Court addresses each in turn.

#### A. Count I: FLSA

The Fair Labor Standards Act was enacted by Congress as a means of protecting employees through minimum wage and maximum hour provisions. *Williamson v. General Dynamics Corp.*, 208 F.3d 1144, 1154 (9th Cir. 2000) (citing *Barrentine v. Arkansas-Best Freight Sys.*, 450 U.S. 728, 739 (1981)). Section 207 of the FLSA requires that employees be compensated at rate of at least one and one-half times the regular rate for any hours worked in excess of forty hours per week. 29 U.S.C. § 207(a)(1).

Count I of Plaintiff's First Amended Complaint claims that Defendant failed to pay her overtime wages in violation of the FLSA. (Doc. 22 at 8-9.) Defendant argues that

Plaintiff's claims under FLSA must be dismissed because (1) the two-year statute of limitations has expired and (2) Plaintiff's position is within the scope of the FLSA's computer employee exemption. (Doc. 45-3 at 3-8.)

### 1. Statute of limitations

Normally, the Fair Labor Standards Act requires that any claim for unpaid overtime compensation be brought within two years after the cause of action accrued. 29 U.S.C. § 255(a). There is an exception, however, for claims based on a "willful violation" of the FLSA, in which case the statute of limitations is extended to three years. *Id.* A willful violation occurs when the employer "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). An employer willfully violates the FLSA "when it is on notice of its FLSA requirements, yet takes no affirmative action to assure compliance with them." *Flores v. City of San Gabriel*, 824 F.3d 890, 906 (9th Cir. 2016) (internal citations and punctuation omitted).

Here, Plaintiff's First Amended Complaint states that she worked for Defendant from August 20, 2014 until September 21, 2014. Plaintiff filed her Complaint on February 20, 2017. (Doc. 1.) And while Plaintiff's claims under FLSA would be barred under the two year statute of limitations, Plaintiff has pleaded—in great detail— allegations that Defendant willfully violated the FLSA so as to warrant extending the statute of limitations to three years. Not only have other Courts extended the statute of limitations with considerably less detailed allegations of willful behavior, *Lemley v. Graham Cty.*, No. CV-13-01221-TUC-CKJ, 2014 WL 11631714, at *5 (D. Ariz. May 15, 2014) the Federal Rules of Civil Procedure dictate the same conclusion. *See* Fed. R. Civ. P. 9(b) ("Malice, intent, knowledge and other conditions of a person's mind may be alleged generally."); *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 903 (9th Cir. 2013) ("At the pleading stage, a plaintiff need not allege willfulness with specificity."). Accordingly, the Court will apply a three year statute of limitations for the purposes of resolving Defendant's Motion to Dismiss. Plaintiff filed her Complaint on February 20,

2017, meaning only those claims that accrued on or after February 20, 2014 are within the FLSA's three year statute of limitations. Because Plaintiff's cause of action accrued after February 20, 2014, her claim against Defendant for unpaid overtime compensation under the FLSA is not time barred.

### 2. Computer employee exemption

Section 207(a) of the Fair Labor Standards Act requires that employees be paid "time and a half for overtime work—that is, work in excess of forty hours per week." *McKeen-Chaplin v. Provident Sav. Bank, FSB*, 862 F.3d 847, 850 (9th Cir. 2017) (citing 29 U.S.C. § 207(a)(1)). There are exemptions, however, to the FLSA's general overtime compensation requirements. 29 U.S.C. § 213. Employers who claim an exemption from the FLSA bear the burden of demonstrating that the exemption applies. *Webster v. Pub. Sch. Emps. of Wash.*, 247 F.3d 910, 914 (9th Cir. 2001) (internal citation omitted). Exemptions under the FLSA are affirmative defenses. *Adair v. City of Kirkland*, 185 F.3d 1055, 1060 (9th Cir. 1999); *Fontes v. Drywood Plus, Inc.*, No. CV-13-1901-PHX-LOA, 2013 WL 6228652, at *5 (D. Ariz. Dec. 2, 2013). Because the FLSA is liberally construed, courts are to withhold exemptions "except as to person plainly and unmistakenly within their terms and spirit." *Webster*, 247 F.3d at 914 (citing *Klem v. Cty. of Santa Clara*, 208 F.3d 1085, 1089 (9th Cir. 2000)).

Under Section 213(a)(17) of the Fair Labor Standards Act, "any employee who is a computer systems analyst, computer programmer, software engineer, or other similarly skilled worker" is exempt from the overtime compensation requirements of Section 207(a) if the employee's primary duty consists of the following:

> (1) the application of systems analysis techniques and procedures, including consulting with users, to determine hardware, software or system functional specifications;
> (2) the design, development, documentation, analysis, creation, testing or modification of computer systems or programs, including prototypes, based on and related to user or system design specifications;

> (3) the design, documentation, testing, creation or modification of computer programs related to machine operating systems; or
> (4) a combination of the aforementioned duties, the performance of which requires the same levels of skills.

29 U.S.C. § 213(a)(17). This exemption "applies to any computer employee compensated on an hourly basis at a rate of not less than $27.63 an hour." 29 C.F.R. § 541.400(b).

In her First Amended Complaint, Plaintiff describes her IT Consultant position with Defendant as "work[ing] exclusively at-the-elbow of healthcare workers employed by HealthTECH's clients, providing basic training and support." (Doc. 22 at 6.) Plaintiff alleges that she does not have any "specialized training or certification in computer programing, software documentation and analysis, or testing of computer systems or programs." (Doc. 22 at 4.) Plaintiff's primary duties as an IT Consultant "consisted of training and aiding healthcare staff with using [] new recordkeeping software." (Doc. 22 at 5.)

In its Motion to Dismiss, Defendant claims that Plaintiff was not entitled to overtime compensation because her position falls within an exemption under the FLSA. (Doc. 45-3 at 7.) According to Defendant, because Plaintiff pleaded certain facts related to her position as an IT Consultant, she has in effect "show[n] that she qualifies as an exempt computer employee, as opposed to [Defendant] asserting the exemption as an affirmative defense." (Doc. 45-3 at 8.) Plaintiff maintains that because the affirmative defense is not apparent on the face of her First Amended Complaint, resolution of a motion to dismiss based on the computer employee exemption would be inappropriate. (Doc. 47 at 12.) Both parties cite to *Rivera*, 735 F.3d at 902 (9th Cir. 2013) to support opposite conclusions. (Doc. 45-3 at 8; Doc. 47 at 12.)

In *Rivera*, the Ninth Circuit Court of Appeals for the United States noted that "plaintiffs ordinarily need not 'plead on the subject of an anticipated affirmative defense.'" 735 F.3d at 902. The Court agrees with Plaintiff that the applicability of the computer employee exemption is not obvious on the face of her First Amended

Complaint. This finding is also consistent with the directive that courts narrowly construe exemptions under the FLSA. *Webster*, 247 F.3d at 914. Based on the allegations in the First Amended Complaint, it is not plainly and unmistakenly clear that Plaintiff's position falls within the computer employee exemption. *Id.* Furthermore, determining whether an exemption applies at this stage of the litigation is difficult because of the undeveloped record before the Court. *Barrera v. US Airway Grp., Inc.*, No. CV-12-02278-PHX-ROS, 2013 WL 12172141 (D. Ariz. Mar. 19, 2013). For these reasons, the Court finds that it is not clear on the face of Plaintiff's First Amended Complaint that the computer employee exemption applies and cannot be used as grounds for dismissing Plaintiff's claims under the FLSA at this time.

### B. Count II: Pennsylvania Minimum Wage Act

In addition to Plaintiff's claims under the FLSA, Plaintiff also alleges that Defendant violated the Pennsylvania Minimum Wage Act ("PMWA") of 1968, 43 P.S. § 333.104(c). (Doc. 22 at 11-12.) The PMWA, like the FLSA, requires employers to compensate employees for all hours worked in excess of forty hours per week at a rate not less than one and one-half times their regular hourly rate of compensation. 43 P.S. 333.104(c). Plaintiff, who worked as an IT Consultant for Defendant in Pennsylvania, alleges that Defendant's failure to pay her overtime compensation violated the PMWA. (Doc. 22 at 12.) Defendant has moved to dismiss Count II of Plaintiff's First Amended Complaint on the grounds that the choice-of-law provision in Plaintiff's contract—which dictates that Arizona law govern any disputes—means that Plaintiff cannot state a claim under Pennsylvania wage laws. (Doc. 45-3 at 8-11.) Plaintiff maintains that the choice of law provision in her contract is unenforceable. (Doc. 47 at 15-19.)

"In a federal question action that involves supplemental jurisdiction over state law claims, [courts] apply the choice of law rules of the forum state." *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1080 (9th Cir. 2009) (internal citation omitted). Arizona choice of law rules requires application of the Restatement (Second) on Conflict of Laws ("Restatement"). *Spirit Master Funding IV, LLC v. Martinsville Corral Inc.*, No. CV-14-

00720-PHX-GMS, 2016 WL 4877622, at *2 (D. Ariz. Sept. 15, 2016). The Restatement provides that a choice of law provision in a contract will be enforced unless (1) the chosen state has no substantial relationship to the parties or the transaction, or (2) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state and which would be the state of applicable law but for the choice of law provision. *Cardon v. Cotton Lane Holdings, Inc.*, 173 Ariz. 203, 208 (Ariz. 1992) (citing Restatement § 187(2)).

Plaintiff's employment contract with Defendant states, "[a]s it relates to overtime, you are an exempt employee under the applicable wage and hour laws so are not eligible for overtime compensation." (Doc. 45-1 at 3.) Because Plaintiff's employment contract with Defendant specifically states that Arizona law governs the terms of her employment (doc. 45-1 at 5), that choice will be given effect unless either exception of Restatement § 187(2) applies. Plaintiff maintains that the choice of law provision should not be given effect because both exceptions apply since the only relationship Arizona has to this case is the location of Defendant's corporate headquarters and the application of Arizona law would contravene Pennsylvania's fundamental policy of protecting employees through the provision of mandatory overtime compensation. (Doc. 47 at 16-19.) Defendant insists that neither exception is satisfied, thereby requiring the choice of law provision to be enforced. (Doc. 45-3 at 10-11.)

Under Restatement § 187(2)(a), Arizona has a substantial relationship to the parties. "A substantial relationship exists where one of the parties is domiciled or incorporated in the chosen state." *ABF Capital Corp. v. Osley*, 414 F.3d 1061, 1065 (9th Cir. 2005); *see, e.g.*, *Sw. Union Co. v. Sw. Gas Corp.*, 165 F.Supp.2d 1010, 1029 (D. Ariz. 2001) (citing Restatement § 187, cmt. f). Defendant is an Arizona corporation and maintains its headquarters in Phoenix, Arizona. (Doc. 46 at 2.) "[O]nly one of the two alternative requirements under section 187(2)" needs to be satisfied in order for a choice of law provision in a contract to be given effect. *Flores v. Am. Seafoods Co.*, 335 F.3d 904, 918 (9th Cir. 2003). Because the choice of law provision in Plaintiff's employment

contract is effective, Arizona law governs this case and Plaintiff cannot state a claim for unpaid overtime compensation under Pennsylvania state law. Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. 45) is **denied in part** as to Count I of Plaintiff's First Amended Complaint for her claim under the Fair Labor Standards Act and **granted in part** as to Count II of Plaintiff's First Amended Complaint for her claim under the Pennsylvania Minimum Wage Act.

Dated this 20th day of February, 2018.

Honorable Steven P. Logan
United States District Judge