WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jessica Caballero,<br><br>           Plaintiff,<br><br>vs.<br><br>Healthtech Resources, Inc.,<br><br>           Defendant. | No. CV-17-02321-PHX-SPL<br><br>**ORDER** |

Before the Court is Plaintiff's Motion for Conditional Collective Action Certification and Court-Supervised Notice. (Doc. 55.) Defendant filed a Response (Doc. 56), to which Plaintiff filed a Reply. (Doc. 61.) Also pending before the Court is the Parties' Joint Motion to Extend Time to Complete the In-Person Settlement Conference. (Doc. 65.)

**I.      Plaintiff's Motion for Conditional Collective Action Certification and Court-Supervised Notice**

    **A.      Conditional Certification**

Section 207 of the Fair Labor Standards Act ("FLSA") provides that employees be compensated at a rate of not less than one and one-half times the regular rate for any hours worked in excess of forty hours per week. 29 U.S.C. § 207(a)(1). Employers who fail to comply with the FLSA's overtime compensation provision "shall be liable to the employee or employees affected in the amount of their . . . unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). An

employee may bring an action to recover unpaid overtime on behalf of herself and other "similarly situated" employees. *Id.* Neither the FLSA nor the United States Court of Appeals for the Ninth Circuit has defined "similarly situated." *Guanzon v. Vixxo Corp.*, No. CV-17-01157-PHX-GMS, 2018 WL 274422, at *2 (D. Ariz. Jan. 3, 2018). Typically, district courts within the Ninth Circuit follow a two-step approach to determine whether a collective action is appropriate. *Colson v. Avnet, Inc.*, 687 F.Supp.2d 914, 925 (D. Ariz. Jan. 27, 2010). At the first stage, courts look only to see whether a plaintiff has presented "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Id.* (internal citations omitted). This standard is "fairly lenient" and typically results in conditional certification. *Brown v. Pegasus Research Grp. LLC*, No. CV-16-03875-PHX-GMS, 2017 WL 2444105, at *1 (D. Ariz. June 6, 2017). At the second stage, after the notification period ends and upon close of discovery, a defendant may move to decertify at which time "the court makes a more informed decision as to whether the claimants who have consented to sue are indeed 'similarly situated.'" *Alonzo v. Akal Sec.*, No. CV-17-00836-PHX-JJT, 2017 WL 5598227, at *2 (D. Ariz. Nov. 21, 2017) (citing *Wynn v. Nat'l Broad. Co.*, 234 F.Supp.2d 1067, 1082 (C.D. Cal. Jan. 24, 2002)).

Plaintiff requests conditional certification for "[a]ll individuals who worked for [Defendant], providing support and training to [Defendant's] clients in connection with the implementation of new electronic recordkeeping systems in Pennsylvania between February 20, 2014 and the present." (Doc. 55 at 2.) In support, Plaintiff has submitted her own declaration (doc. 55-3) and the declarations of potential plaintiffs Lissa Bryan (doc. 55-4) and Charles Bloom (doc. 55-5). Plaintiff has also provided model Notice and Opt-In Consent forms for distribution should the Court grant conditional certification. (Docs. 55-1, 55-2.) In response, Defendant does not oppose conditional certification, but rather takes issue with certain provisions of Plaintiff's model Notice and Opt-In Consent forms. (Doc. 56.)

Plaintiff has satisfied the fairly lenient standard for conditional certification. Plaintiff's First Amended Complaint (Doc. 22) and the declarations submitted in support of the present motion sufficiently allege that Plaintiff and the putative class members "were together the victims of a single decision, policy, or plan." *Colson*, 687 F.Supp.2d at 925. As Plaintiff suggests, the record before the Court provides sufficient support that members of the proposed collective are similarly situated because:

> individuals who provide training and support services for [Defendant's] clients in connection with the implementation of new electronic recordkeeping systems and are classified as exempt employees perform the same basic tasks, follow the same schedule, have the same compensation structure, and are subject to the same rules and policies set out by [Defendant] in their day-to-day work; these individuals are paid a set hourly rate, only for hours actually worked, and, as a result, are not paid an overtime premium for hours worked in excess of 40 a week [sic] in violation of the FLSA.

(Doc. 55 at 8.) Accordingly, the Court will grant conditional certification at this time.

**B.     Court-Supervised Notice**

In her Motion for Conditional Collective Action Certification and Court-Supervised Notice, Plaintiff seeks court approval of the model Notice and Opt-In Consent Forms. (Docs. 55-1, 55-2.) The Court will address each of Defendant's specific objections (Doc. 56) in turn.

First, Plaintiff requests the Court order Defendant to produce "the name, last known address, all known e-mail addresses, all known telephone number(s), dates worked, date of birth, and last four digits of their Social Security Number for each [collective member] within five business days of the [Court's] Order." (Doc. 55 at 15.) Defendant objects to the provision of all information other than the names, last known physical addresses, and the dates worked by the collective members because of privacy concerns. (Doc. 56 at 2.) In her Reply, Plaintiff tailored the information to be provided by Defendant to "a list of the names, dates of employment and last known telephone numbers, addresses and e-mail addresses of members of the FLSA Collective." (Doc. 61

at 3.) Remaining at issue then is Plaintiff's request for the e-mail addresses and telephone numbers. Because e-mail is an increasingly utilized form of communication, Defendant shall provide Plaintiff with the e-mail addresses of members of the FLSA collective. *Guanzon*, 2018 WL 274422, at *3. The Court finds the production of phone numbers similarly appropriate and orders Defendant to provide Plaintiff with all known telephone numbers of the FLSA collective members. Plaintiff's request that the Court order Defendant to provide the Social Security numbers of collective members in the event Notice is returned undeliverable (Doc. 61 at 4) is denied. *See e.g.*, *Russell v. Swick Mining Servs. USA Inc.*, No. CV-16-02887-PHX-JJT, 2017 WL 1365081, at *5 (D. Ariz. Apr. 14, 2017).

Second, Defendant opposes Plaintiff's proposal that all collective members be given ninety days from receipt of Notice to opt-in to the present suit because doing so "will open the door to issues of when collective members 'received' their Notices." (Doc. 56 at 3.) The Court agrees with Defendant that Plaintiff's proposal of allowing collective members ninety days from the date of receipt may unwittingly raise issues of timeliness. For this reason, the Court orders that collective members will have ninety days from the date upon which Plaintiff's counsel mails the Notice and Opt-In Consent Forms to opt-in to the present suit. Likewise, Defendant objects to Plaintiff's proposal that "[a]ll Opt-In Consent Forms will be deemed to have been filed with the Court the date that they are stamped as received by Plaintiff's counsel or the Notice Administrator, and Plaintiff's counsel will file them electronically on the docket on a weekly basis." (Doc. 56 at 3.) Again, to avoid the possibility of creating timeliness issues, Opt-In Consent Forms will be deemed filed with the Court only on the actual date which Plaintiff files them with the Court.

Third, Defendant objects to Plaintiff's proposal that collective members may execute their Opt-In Consent Forms using an electronic signature. (Doc. 56 at 3.) According to Defendant, opposition of this procedure "assure[s], to the greatest extent possible, that all Consent Forms are in fact executed knowingly by the proper persons."

4

(Doc. 56 at 3.) The Court finds this argument unavailing and will authorize Plaintiff to utilize electronic signatures as a means of allowing collective members to execute their Opt-In Consent Forms.

Fourth, Defendant takes issue with several particular provisions included in Plaintiff's model Notice form. Defendant seeks to limit the collective to those IT Consultants who worked in Pennsylvania. (Doc. 56 at 4.) As requested, Plaintiff will be granted leave to amend to correct the typographical error and limit the scope of the proposed collective to those IT Consultants who worked in Pennsylvania. (Doc. 61 at 3.) Defendant also raises concerns about the model Notice's failure to include language regarding attorneys' fees and costs for Plaintiff's counsel. (Doc. 56 at 5.) Again, per Plaintiff's request, leave will be granted so that Plaintiff may amend the Notice to include the following proposed language:

> The attorneys for the Plaintiff are being paid on a contingency fee basis, which means that if there is no recovery, there will be no attorneys' fees. You are not under any obligation to pay any attorneys' fees. If there is a recovery, Plaintiff's attorneys may receive a part of any settlement obtained or money judgment entered in favor of all members of the Collective, subject to the Court's approval.

(Doc. 61 at 3.) Finally, Defendant contests the Notice's failure to include language informing collective members of their potential liability for costs if Defendant prevails. (Doc. 56 at 5.) The Court finds that the inclusion of such language could deter collective members from opting-in to the present suit. *Coyle v. Flower Foods Inc.*, No. CV-15-01372-PHX-DLR, 2016 WL 4529872, at *7 (D. Ariz. Aug. 30, 2016). As such, Plaintiff will not be required to include language in the Notice regarding Defendant's costs.

**III.	Joint Motion to Extend Time to Complete In-Person Settlement Conference**

The Parties have filed a joint motion requesting the Court to extend the deadline for good faith settlement talks. (Doc. 65.) The Court finds the extension warranted and will allow the parties to have sixty days from the conclusion of the opt-in period to complete settlement talks.

**IV. Conclusion**

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Conditional Collective Action Certification and Court-Supervised Notice (Doc. 55) is **granted in part** and **denied in part** as follows:

1. The Court conditionally certifies this matter as a collective action under 29 U.S.C. § 216(b) with respect to:

> All individuals who worked for Healthtech Resources, Inc. ("Healthtech"), providing support and training to Healthtech's clients in connection with the implementation of new electronic recordkeeping systems in Pennsylvania and was classified as an exempt employee between February 20, 2014 and the present.

2. Defendant shall provide Plaintiff's counsel with the names, dates of employment, and the last known mailing address, e-mail address, and telephone number of all potential collective members no later than **February 28, 2018.**

3. Plaintiff shall modify the Notice form (Doc. 55-1) to limit the scope of the proposed collective to those IT Consultants who worked in Pennsylvania during the last three years and to include Plaintiff's proposed language regarding attorneys' fees consistent with this Order.

4. Members of the collective action who wish to opt-in to the present action must do so within **ninety (90) days** from the date upon which Plaintiff's counsel mails the Notice and Opt-In Consent Forms.

**IT IS FURTHER ORDERED** that the Parties' Joint Motion to Extend Time to Complete In-Person Settlement Conference (Doc. 65) is **granted**.

Dated this 20th day of February, 2018.

Honorable Steven P. Logan
United States District Judge